UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                  609-858-9360
United States Bankruptcy Judge              609-989-2259 Fax

August 5, 2014

Carol L. Knowlton, Esq.
Gorski & Knowlton PC
691 State Highway 33
Trenton, NJ 08619-4407
*Attorney for Debtor/Plaintiff, Amber L. Marzullo*

Michael Rubin
58 Whispering Pines Lane
Lakewood, NJ 08701
*Defendant, Self-Represented*

        Re:  Marzullo v. Rubin (Chapter 7) (MBK)
           Adv. Pro. No. 13-1698

Dear Ms. Knowlton and Mr. Rubin:

  This matter is before the Court upon the Adversary Proceeding ("Complaint")[1] of Amber L. Marzullo ("Plaintiff"), which seeks damages stemming from an alleged stay violation by her former landlord, Michael Rubin ("Defendant"), pursuant to 28 U.S.C. § 362.  The Court has received and reviewed the pre-trial submissions and conducted a trial on June 20, 2014.  The Court has also received and reviewed the supplemental submission filed by the Defendant on July 4, 2014, and makes the following findings:

### Jurisdiction

  The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(O).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Findings of Fact

  On July 3, 2013 ("Petition Date"), Plaintiff filed a voluntary Chapter 7 bankruptcy petition.  By the Complaint, Plaintiff alleges that, as of the Petition Date, she had possession of the premises at issue and, despite being notified of Plaintiff's bankruptcy case, Defendant improperly locked her out of the premises on July 5, 2013.  Accordingly, Plaintiff seeks damages from the Defendant's alleged stay violation.

---

[1] The Complaint was initiated by way of an Order to Show Cause filed on July 8, 2013.

It is beyond dispute that Defendant commenced pre-petition eviction proceedings against the Plaintiff, resulting in a warrant of removal being issued by the Superior Court of New Jersey ("State Court") on June 4, 2013. The warrant of removal required the Plaintiff to vacate the premises by June 12, 2013. On June 13, 2013, however, the State Court granted Plaintiff a stay of the warrant of removal through June 19, 2013. Although Plaintiff contends that she requested a further extension of the stay through July 20, 2013, no evidence was presented at trial (or otherwise) to demonstrate that the State Court granted such request.

Prior to June 19, 2013, Plaintiff and Defendant attempted to resolve the landlord-tenant dispute. On June 18, 2013, and again on July 2, 2013, Plaintiff committed, in writing, to make certain payments to Defendant in exchange for allowing her to remain on the premises. The July 2nd writing called for Plaintiff to pay off the balance of the rent owed to Defendant by July 5, 2013, in exchange for allowing Plaintiff to remain on the premises through July 12, 2013. Despite Plaintiff's commitment, however, Plaintiff failed to make Defendant whole by July 5th, and Defendant proceeded to lock Plaintiff out of the premises approximately mid-day on that date.

On July 9, 2013, this Court granted Plaintiff's Order to Show Cause and temporarily reinstated Plaintiff's possession of the premises through August 2, 2013. In the interim, the State Court ultimately reinstated possession on July 22, 2013, extending such possession through July 31, 2013.[2]

## Legal Analysis

"For those instances where an entity does not abide by rules set forth in [11 U.S.C. § 362], [§] 362(k) provides an independent cause of action for a variety of damages based on a 'willful violation of the stay.'" Lienhard v. Lehighton Ambulance Assoc. (In re Lienhard), 498 B.R. 443, 450 (Bankr. M.D. Pa. 2013). "To succeed on a 'willful' stay-violation claim, the debtor must prove: (1) a violation of the stay occurred; (2) the creditor had knowledge of the bankruptcy case when acting; and (3) the violation caused actual damages." Id. (citations omitted). Moreover, "[a] debtor must prove these elements by a preponderance of the evidence." Id.

In light of the legal argument and testimony presented at trial, the Court is satisfied that a stay violation has occurred. First, Defendant received notice of the Plaintiff's bankruptcy filing and therefore had knowledge of the bankruptcy case. See Lienhard, 498 B.R. at 450 ("In essence, mere 'knowledge of the existence of the bankruptcy case' equates to knowledge of the stay.'") (citing Thomas v. City of Philadelphia, 2013 Bankr. LEXIS 3323 (Bankr. E.D. Pa. 2013)). Second, Plaintiff's July 2, 2013 commitment gave Plaintiff through July 5, 2013 to pay Defendant in full. Despite the fact that Plaintiff ultimately did not make good on her commitment, Defendant prematurely locked Plaintiff out of the premises on July 5, 2013. In this instance, Defendant's stay violation amounted to "jumping the gun" by not allowing Plaintiff the full day to make the required payments.

---

[2] On July 17, 2013, the Court granted Defendant limited stay relief to pursue his rights in State Court.

2

With respect to damages, "Congress intended § 362(k)(1) to permit recovery as damages of fees incurred to prevent violation of the automatic stay." Sternberg v. Johnston, 595 F.3d 937, 946 (9th Cir. Ariz. 2009). Although the Court finds that Defendant committed a stay violation, the Court finds the Plaintiff's damages to be nominal. Plaintiff was, at best, deprived of possession of the premises for approximately a half-day, requiring her to expend funds in order to rent a hotel room. Thus, the Court will award Plaintiff $250.00, representing one night of reasonable hotel costs.[3]

The Court also finds that Plaintiff is entitled to actual damages in the form of reasonable attorneys' fees and costs. Indeed, under § 362(k) "[a]ttorneys' fees are included in 'actual damages' and are not addressed as a separate category of damages." In re Dean, 490 B.R. 662, 670 (Bankr. M.D. Pa. 2013). Further, § 362(k) "is not a typical fee-shifting statute" in that the statute "provides for recovery of damages including attorneys' fees, not damages and attorneys' fees." In re Thompson, 426 B.R. 759, 765 (Bankr. N.D. Ill. 2010) (citing Siharath v. Citifinancial Servs. (in Re Siharath), 285 B.R. 299 (Bankr. D. Minn. 2002)). Notwithstanding the fact that Plaintiff's removal from the premise was resolved by this Court on July 9, 2013, and again by the State Court on July 22, 2013, Plaintiff's counsel sought prompt relief from this Court shortly after the premature lockout on July 5, 2013. Accordingly, the Court will award the Debtor damages in the amount of $2,000.00 for legal expenses incurred in connection with prosecuting this matter, together with $293 for the Adversary Proceeding filing fee.

## Conclusion

In light of the foregoing, the Court finds that Plaintiff is entitled to a total of $2,543.00 as actual damages stemming from Defendant's stay violation.[4] The Defendant may offset this amount against any amounts due and owing by the Plaintiff. The Court will enter an appropriate judgment.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: August 5, 2014

---

[3] The Court has factored into this amount the inconvenience of Plaintiff's inability to access her belongings. With respect to access to medication, the testimony demonstrates that Plaintiff was able to procure the appropriate medication despite the lockout.

[4] Although the Court finds that a stay violation occurred, the Court is not satisfied that such violation was so egregious to warrant punitive damages. See In re Dean, 490 B.R. 662, 671 (Bankr. M.D.Pa. 2013) ("Punitive damages are awarded when defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief" and "is an appropriate response to particularly egregious conduct for both punitive and deterrent purposes.").